PER CURIAM.
In this proceeding by The Florida Bar against John L. Maynard, a member of The Florida Bar, we are asked to review the referee’s recommended discipline of two months’ suspension with automatic reinstatement. We have jurisdiction pursuant to Florida Bar Integration Rule, article XI, Rule 11.09.
In his report rendered October 19, 1978, the referee found that respondent had violated certain provisions of The Florida Bar Code of Professional Responsibility and Integration Rule and recommended discipline of two months’ suspension with automatic reinstatement. Complainant filed the referee’s report with this Court on November 17, 1978, thereby commencing the running of the thirty-day period for initiating review set forth in Florida Bar Integration Rule, article XI, Rule 11.09(3)(a). On December 4, 1978, complainant filed a motion to return the case to the referee for further proceedings and a motion for extension of time beyond December 18, 1978, to file a petition for review. On January 10, 1979, we denied the motion to remand the case to the referee but granted complainant an extension of time to file its petition for review until January 15, 1979. Notwithstanding the extension, the Bar did not file its petition until January 17, 1979.
Florida Bar Integration Rule, article XI, Rule 11.09(3)(a) provides:
Proceedings for review shall be commenced within 30 days after the mailing date of a letter from the Executive Director or Staff Counsel serving a copy of the referee report on the respondent. The proceeding shall be commenced by filing with the Supreme Court a petition for review specifying those portions of the report ®of a referee sought to be reviewed. Within 10 days after service of such petition the opposing party may filed a cross-petition for review specifying any additional portion of the report or judgment which said party desires reviewed. The filing of such petition or cross-petition shall be jurisdictional as to a review to be procured as a matter of right.
In this instance the rule is not jurisdictional; we have discretionary power to review petitions filed after expiration of the thirty-day time period. Florida Bar v. Rubin, 362 So.2d 12 (Fla.1978). However, we will not exercise our discretion absent a showing of compelling reasons why the petition was not timely filed. Id. In this case complainant has failed to show good cause for its default. We therefore decline to exercise our discretion, and complainant’s petition for review is hereby stricken.
Having carefully reviewed the referee’s report, we conclude that his findings are supported by the evidence. Further, it is not demonstrated that the referee’s recommended discipline is erroneous, unlawful, or unjustified. Fla.Bar.Integr.Rule, art. XI, Rule 11.09(3)(e).
Accordingly, respondent, John L. May-hard, is hereby suspended from the practice of law for a period of two months with automatic Reinstatement after that period pursuant to Florida Bar Integration Rule, article XI, Rule 11.10(3). The suspension shall be effective on July 2, 1979, thereby *76 giving respondent time to take the steps necessary to protect his clients.
Costs in the amount of $1,881.40 are hereby taxed against respondent.
It is so ordered.
ENGLAND, C. J., ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
HATCHETT, J., concurs in result only.